**SECURITIES AND EXCHANGE COMMISSION, Plaintiff—Appellee,**

v.

**Lee E. GAHR, Defendant—Appellant.**

No. 03–15879.

D.C. No. CV–00–01088–KJD.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2004.*

Decided Oct. 12, 2004.

Julie K. Lutz, Denver, CO, for Plaintiff–Appellee.

James R. Hales, Rowe & Hales, LLP, Minden, NV, for Defendant–Appellant.

Before RYMER, TALLMAN, and BEA, Circuit Judges.

## MEMORANDUM**

Petitioner Lee E. Gahr, a Canadian national, appeals from the district court's entry of default judgment against him after he failed to file an answer to a Securities and Exchange Commission ("SEC") complaint alleging various violations of federal securities laws in connection with Chill Tech, Inc. He argues that his failure to answer the complaint was "excusable neglect" under Fed.R.Civ.P. 60(b), caused by his naivete and unfamiliarity with the American judicial system. We reject his argument and affirm the district court's decision.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

To successfully set aside a default judgment because of excusable neglect, Gahr must demonstrate that: (a) he was not culpable of conduct that led to the default; (b) he has a meritorious defense to the complaint; and (c) the SEC would not be prejudiced by reopening the case. *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir.2004). Gahr bears the burden of demonstrating that all three factors weigh in favor of vacating the default judgment. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir.1988).

Gahr has failed to demonstrate that any of the three factors favor vacatur. The record indicates that Gahr knew the SEC had filed a complaint against him, initially requested an extension, acknowledged that he was required to file an answer in district court, and retained an attorney to represent him on other matters related to the SEC's investigation—all evidence of his comprehension and sophistication in dealing with the American judicial process. Yet, inexcusably, Gahr failed to file any answer.

Secondly, Gahr's supposed meritorious defense, that he was not a "control person" in Chill Tech, Inc., is irrelevant since any individual may be liable for the claims brought by the SEC in its civil enforcement action. And finally, Gahr has supplied no evidence that the SEC will not be prejudiced by reopening the case.

Thus, because Gahr meets none of the conditions excusing him from filing an answer, we **AFFIRM** the district court's entry of default judgment. Each party is to bear its own costs.